840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip THORNTON, Defendant-Appellant.
 No. 87-7180.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1987.
Decided Feb. 16, 1988.
 
 Phillip Thornton, appellant pro se.
 Breckinridge Long Willcox, United States Attorney, for appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Phillip Thornton appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. He contends that he was entitled to a hearing on his claim that he received ineffective assistance of counsel at his trial for kidnapping and for interstate transportation of a stolen vehicle. These convictions arose out of the hijacking of a Fox Trucking Company tractor-trailer carrying chickens picked up from the Allen Foods Poultry Plant in Maryland.
 
 
 2
 To prevail on a claim of ineffective assistance of counsel, a defendant must overcome the strong presumption that counsel's actions were the result of reasonable professional judgment. He must also show that he was prejudiced by his attorney's unprofessional mistakes, and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688-89, 694 (1984).
 
 
 3
 The trial transcript shows that Thornton's attorney subpoenaed and presented to the jury all records relating to Allen Foods' chicken shipments transported by Fox Trucking Company while Thornton was employed at Fox. Thornton's attorney's alleged failure to conduct further investigations into Thornton's previous transactions with Allen Foods was neither unreasonable nor prejudicial to Thornton's defense. In light of the overwhelming evidence against Thornton, there is no reasonable probability that the jury's verdict would have been different if Thornton's attorney had investigated the other areas cited by Thornton in his petition, if his attorney had emphasized the minor inconsistencies in the testimony of various government witnesses, or if his attorney had given Thornton different advice concerning testifying in his own defense and calling character witnesses.
 
 
 4
 As the record conclusively shows that Thornton was not prejudiced by his attorney's allegedly deficient representation, his ineffective assistance of counsel claim must fail. Therefore, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and oral argument would not significantly aid the decisional process.
 
 
 5
 AFFIRMED.